I'm Robert Jobe, and I'm appearing today on behalf of the petitioner, Manpreet Singh Sra. In light of the government's motion to remit, I don't have a whole lot to say here. We all agree at this point that the case has to go back to the board. The real question is, what leeway is the board going to have on remit? And it's certainly our view at this point that the case should not simply go back for reconsideration, but rather the court should remand this case with directions that the board grant reopening, reinstate the appeal, and allow full briefing on the merits of the appeal. Before this court petition... I understood that the brief was submitted, a brief was submitted. A brief was. And that the board, again, we have several different opinions here, but the board said that even with the brief, it would come to the same conclusion. So what are we sending it back for again? Well, the board actually applied, the government agrees at this point that the board applied the wrong standard in assessing prejudice. And full briefing was never really completed. I mean, we submitted a brief before the 90th day in this case, but we have other things that we'd like to say to the board. I see. So you don't regard this as the brief that would have been filed had there been a reopener? No. I see. Correct. So absent other questions, I guess I'll reserve the balance of my time. Thank you. If you may, please. The court, again, we apologize for the late filing of the motion. The controlling precedent came to my attention after the case was assigned to me for argument. I think that it would be... We do. I do have to say that I really appreciate the fact that you have been going over these things and asking for the remands. It's useful. It would be more useful if it were done sooner, but it's still useful. Right. Well, that's what we figured, Your Honor. I mean, I was prepared to take whatever tongue lashing I received. But we believe it's the right thing to do. But the question of what happens on remand in this case, I think it would be incumbent or I think it would be proper to remand to allow the board to consider whether, assuming prejudice, there are what the court has called plausible grounds for relief here. And we believe that the board should have the benefit of this court's decisions, the intervening decision in Singh and Tsiong, to make a determination with respect to reopening and make a determination with respect to whether this petitioner has presented any plausible grounds for relief. And we know that the record is more complete in this case than in certainly the Tsiong case, because there is a transcript, and the petitioner did submit, as Judge Berzon noted, a motion purporting to be the motion on appeal. Mr. Jobe has now stated that that was not actually the motion on appeal that would have been filed. And I have no reason to disbelieve him, but at that time, it did ‑‑ it was styled motion on appeal, I believe. And the board ‑‑ Does that matter now? It matters only that the board, only if the court decides that remand is not necessary. In other words, if the court is going to deny the motion, then we would submit that this case, you know ‑‑ well, we've all agreed on remand. I think it's important for the board to be able to say does this petitioner present plausible grounds of relief to determine whether the prejudice has been rebutted. And I think that it did not have the standard, that articulation of that standard when it decided the petitioner's case, and so it determined that there was not a prima fascia case made. And I think that's the only point on which esteemed counsel and I disagree. I'm sorry. I'm not understanding why you disagree. It seems to me ‑‑ We disagree. Your Honor, the court has held that and we agree that where the brief was not filed, that prejudice under this Court's precedent will be presumed. And the court later, after we filed our brief, the court came down in the Singh and Tsiong cases, which we've 28‑8, in which one of which case, the Singh case, I believe, was in Mr. Job's reply brief. And for whatever reason, that did not come to the appropriate person's attention until later. So what I'm saying is ‑‑ Are you suggesting that a different standard might apply in a motion to reopen as to where the brief was filed? No, Your Honor. Not at all. Let me explain. Why don't you just tell us what it is you disagree about? We disagree with this. We believe that the case should be remanded to permit the record that this Court has articulated in Singh and Tsiong, and that standard is where there is prejudice, the next question is whether prejudice has been rebutted. And the way to determine whether the prejudice has been rebutted is whether there is a, quote, plausible ground for relief or there are plausible grounds for relief. And our position is that the Board should have the opportunity to make the determination based on the record, which is, we believe, a complete record, and perhaps subject to additional submissions by counsel, as to whether the Petitioner has made out any plausible grounds for relief on the record before it in order to determine whether the prejudice under Lozada has been rebutted. But here the Board said that even if we were to consider the arguments made in the the Board decided with respect to making out under the standard which existed before Singh and Tsiong. And so now we're saying the Board may conclude the same. It may come to the same conclusion. But you'll apply Tsiong and Singh. Right. It should have the opportunity to apply. I don't understand the difference. What difference do you think? I don't understand the disagreement between the two of you. I thought you both want it remanded. We do. We want remand. You can apply the standards. That's right. Of Tsiong and Singh. Correct. So what's the disagreement? Then perhaps there isn't a disagreement. That's what we want. Well, that's what you want, but then you said that's what your opponent wanted also. What do you think your opponent wants? I'll let him argue that. Let him handle that. Thank you, Your Honor. Okay. I think we do have a slight disagreement here, and I think it's this. The government's position, I believe, is that the case should go back to the Board so that they can reevaluate the motion to reopen. Our view is that this case should be remanded back to the Board with directions, with instructions that the Board grant the motion, reinstate the appeal, and allow full briefing on the merits of the appeal. It's really a question of remedy. I think that is the difference. There's a difference between you get the remedy you ask for and you don't get the remedy you ask for, you only get a remand. Right. This is what I believe happened in Tsiong and in Amarjeet Singh. I think in those cases the Court remanded with instructions to the Board to reopen, and we're asking for the same remedy here. But here what the BIA is saying is they haven't had an opportunity to apply those cases to your motion to reopen themselves, and that they want to have the opportunity to do that before we do. Yes. And there's some logic to that, and certainly I think Ventura would sort of support the government's position on that. At the same time, that's not the approach that the Court took in Tsiong or Amarjeet Singh, I don't believe. So there we have it. Okay. I guess we need to stare at them for a while. Thank you, Counsel. The case is arguably submitted. The Court will take a brief recess before hearing the next cases. Thank you. Thank you. Thank you. That was a decision. Thank you. Thank you. Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you. Next case is Albrez v. Albrez. Albrez v. Albrez. Thank you.
judges: Reinhardt, Thompson, Berzon